FRANCIS DROUILLARD (Pro Se)
2021 Shady Lane,
Novato, CA 94945
(415)696-8912
f.drouillard@icloud.com

MARK GALPERIN (Pro Se)
225 Nova Albion Way, Apt 27
San Rafael, CA 94903
(415)244-0495
mdgalperin@comcast.net

JOHN TURNACLIFF (Pro Se)
139 Seminary Dr, Apt L
Mill Valley, CA 94941
(415)505-4277
jturnacliff@protonmail.com

CHRIS CARPINIELLO (Pro Se)
1200 Leafwood Heights
Novato, CA 94947
(415)706-7722
chris-const-co@mindspring.com

WALTER JENSEN (Pro Se)
2260 Center Road
Novato, CA 94947
(415)717-6242
knightflight@verizon.net

MATTHEW BENNETT (Pro Se)
130 Sequoia Glen Ln
Novato, CA 94947
(415)735-8251
matthew.adams.bennett@gmail.com

MIA CAMERA (Pro Se)
323 Old Quarry Road N,
Larkspur, CA 94939
(415)272-2809
miacamera461@gmail.com

*PRO SE* PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FRANCIS DROUILLARD, MARK GALPERIN, JOHN TURNACLIFF, CHRIS CARPINIELLO, WALTER JENSEN, MATTHEW BENNETT AND MIA CAMERA<br><br>Plaintiffs,<br><br>vs.<br><br>LYNDA ROBERTS in her official capacity as MARIN COUNTY REGISTRAR OF VOTERS AND SHIRLEY WEBER, PH.D., in her official Capacity as CALIFORNIA SECRETARY OF STATE,<br><br>Defendants. | Case No.: 24-cv-06969 – CRB<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>I. Violation of the Fourteenth Amendment – Equal Protection<br>II. Violation Of The National Voter Registration Act – Failure to Maintain Voter Rolls<br>III. Violation Of The Help America Vote Act – Excessive Ballot Errors |

## I. INTRODUCTION

1. This action seeks declaratory and injunctive relief to prevent Defendants Lynda Roberts, in her official capacity as Marin County Registrar of Voters, and Shirley Weber, Ph.D., in her official capacity as California Secretary of State, from violating Plaintiffs' voting rights under the Fourteenth Amendment, and to comply with the National Voter Registration Act (NVRA) [52 U.S.C. §§ 20507-20511] and the Help America Vote Act (HAVA) [52 U.S.C. §§ 20901-21145].

2. Plaintiffs allege that the actions of Defendants, including the failure to remove ineligible voters from registration rolls, allow illegal votes that dilute the votes of eligible voters, infringing Plaintiffs' rights to participate in a fair election.

## II. VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the claims arise under federal statutes including NVRA [52 U.S.C. § 20507(b)] and HAVA [52 U.S.C. § 21081(a)(5)], as well as 28 U.S.C. § 1367, which confers on federal court the power to decide state claims under state law.

4. Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendants perform official duties within this District, and the alleged violations occurred in Sacramento, CA, and Marin County, CA.

## III. PARTIES

Plaintiffs:

5. Francis Drouillard, Mark Galperin, John Turnacliff, Chris Carpiniello, Walter Jensen, Matthew Bennett, and Mia Camera are California residents and registered voters impacted by Defendants' alleged failure to maintain current and accurate voter rolls.

Defendants:

6. Lynda Roberts serves as Marin County's Registrar of Voters, responsible for maintaining voter rolls and ensuring the lawful administration of elections in Marin County.

7. Shirley Weber, Ph.D. serves as California Secretary of State, tasked with overseeing and implementing statewide election laws, including those concerning voter registration and roll maintenance.

## IV. GENERAL ALLEGATIONS

8. In advance of recent elections, Marin County's voter rolls included numerous ineligible voters who had either moved out of state or were otherwise unqualified under state and federal law. Plaintiffs allege this failure has allowed ineligible voters to cast ballots, diluting legally cast votes and diminishing election reliability.

9. The National Voter Registration Act (NVRA) requires States to implement systems to maintain accurate voter rolls by removing ineligible voters who are deceased, have relocated out of state, or otherwise lost eligibility.

10. The Help America Vote Act (HAVA) establishes that federal elections must be administered to strict error rate limits, permitting only one voting system error per 500,000 ballot positions. Defendants' failure to remove ineligible voters has generated an excessive number of ballot errors in Marin County elections.

11. Plaintiffs bring this action to compel Defendants:

    a. to exclude ballots returned by ineligible voters from the count in the November 5, 2024, general election; and

    b. to enjoin the Defendants from opening mail-in-ballot return envelopes received from ineligible voters; and

    c. to comply with federal laws that require maintaining current, accurate voter rolls by timely conducting in preparations for future elections "a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" [52 U.S. Code §20507(a)(4)], thereby safeguarding the integrity of elections and ensuring that legitimate voters are not disenfranchised.

## V. CAUSES OF ACTION

**First Cause of Action: Violation of the Fourteenth Amendment (Equal Protection)**

12. Plaintiffs reallege and incorporate by reference each preceding paragraph as though fully set forth herein.

13. The Equal Protection Clause of the Fourteenth Amendment safeguards voters from dilution of their votes by unlawful votes cast by ineligible voters. *Reynolds v. Sims*, 377 U.S. 533, 554-55 (1964).

14. By failing to remove ineligible voters from the rolls, Defendants have sanctioned election practices that reduce the weight and impact of votes cast by eligible voters, depriving Plaintiffs of equal protection under the law.

**Second Cause of Action: Violation of the National Voter Registration Act (NVRA)**

15. Plaintiffs reallege and incorporate by reference each preceding paragraph as though fully set forth herein.

16. The NVRA mandates that each state conduct programs to ensure only eligible voters remain on voter registration rolls, as stipulated in 52 U.S.C. § 20507(a)(4) and (b).

17. Defendants' failure to implement these programs in Marin County has allowed thousands of ineligible voters to remain on the voter rolls, contravening the NVRA's explicit requirements to safeguard the integrity of the electoral process.

**Third Cause of Action: Violation of the Help America Vote Act (HAVA)**

18. Plaintiffs reallege and incorporate by reference each preceding paragraph as though fully set forth herein.

19. HAVA establishes error rate limits for voting systems and requires each state to maintain accurate voter rolls by regularly removing ineligible voters (52 U.S.C. § 21081(a)(5)).

20. The excessive number of ballot errors generated by votes cast by ineligible voters in Marin County exceeds the error rate permitted under HAVA, rendering recent elections unreliable and violative of federal election law.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants and grant the following relief:

21. Declaratory Relief: A declaration that Defendants' failure to maintain accurate voter rolls violates the Equal Protection Clause, NVRA, and HAVA.

22. Declaratory Relief: A declaration that ineligible voters are not "voters" under the Fourteenth Amendment, NVRA or HAVA.

23. Declaratory Relief: A declaration that ballots cast and counted by ineligible voters result votes that are not "an act of the voter" but rather an election system error that us subject to the "ballot error" limits under HAVA.

24. Injunctive Relief: An injunction requiring Defendants to take immediate steps to:

    a) Remove ineligible voters from Marin County's voter rolls;

    b) Implement a verification system to ensure that only eligible voters are mailed ballots in future elections; and

    c) Comply with NVRA and HAVA requirements to maintain accurate and current voter registration rolls.

25. Order for Compliance: Require the Marin County Registrar of Voters to intercept and sequester ballots cast by voters identified as ineligible as they are returned to the Elections Department for processing to prevent them from being counted in the November 5, 2024 General Election and all future elections.

26. Attorney's Fees and Costs: Award reasonable attorneys' fees and costs pursuant to applicable law.

27. Further Relief: Grant any such further relief as the Court deems just and proper.

DATED:       October 12, 2024,       Respectfully Submitted,

_____
FRANCIS DROUILLARD (Pro Se)
I, Francis Drouillard, attest, under penalty of perjury, that the six Signatories below have concurred in the filing of this complaint.

___/s/_____
MARK GALPERIN (Pro Se)

___/s/_____
JOHN TURNACLIFF (Pro Se)

___/s/_____
CHRIS CARPINIELLO (Pro Se)

___/s/_____
WALTER JENSEN (Pro Se)

___/s/_____
MATTHEW BENNETT (Pro Se)

___/s/_____
MIA CAMERA (Pro Se)